IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:11CR514 |
| | * | |
| Plaintiff | * | |
| | * | JUDGE JOHN R. ADAMS |
| Vs. | * | |
| | * | |
| MARCUS WOMACK | * | |
| | * | |
| Defendant | * | SENTENCING MEMORANDUM |

Now comes the Defendant, Marcus Womack, by and through counsel, who offers the following memorandum for this Court's consideration at his sentencing.

Respectfully submitted,

S/GEORGE C. PAPPAS
George C. Pappas #0037374
Counsel for Defendant Marcus Womack
631 West Exchange Street
Akron, Ohio 44302
330-252-0125
gcpappalaw@yahoo.com

MEMORANDUM

I. TITLE 18 § 3553 CONSIDERATIONS

The United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005) and U.S. v. Fan Fan, 543 U.S. 1251 (2005), hold that guidelines are advisory in nature. When sentencing a defendant a district court must consider all the factors enumerated in 18 U.S.C. § 3553(A). Those factors include the nature and circumstance of the offense, the history and characteristics of that defendant and that need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, provide just punishment, to afford accurate deterrence, to protect the public and to provide defendant with needed educational or vocational training, medical care or other correctional treatment.  In addition, these factors include the kinds of sentence available of the advisory guideline range any pertinent policy statement by the sentence commission and the need to avoid unwarranted sentence disparities and the need to provide restitution.

While district courts must consider the guideline range the guidelines must not subordinate the other factors contained in § 3553(A). U.S. v. Ferguson, 456 F.3d 660 (6th Cir. 2006). Rather the sentencing Judge may determine that the § 3553 factor warrant a sentence different than that are specified in the guidelines. Reeder v. United States, 2007 WL 1772146 (2007). Upon the Court's consideration of the sentencing factors the mandate imposed upon the Court is to impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in Title 18 § 3553.

In this case, the countable criminal history of this defendant rises to three (3) criminal history points that involve drug offenses.
While on bond he has complied with pre-trial suspension and he's remained drug free since his appearance before this Court on January 5, 2012.

Mr. Womack has maintained employment while this case has been pending and has made an effort to support his children through wage assignment of which he actively instituted on his own. His mother is in poor health and has provided for her during these past several months. He plans to maintain this life style to support his family. Mr. Womack expresses remorse for this conduct in this Case and asserts this has been a life-changing experience.

It's respectfully requested that this Honorable Court recommend the drug treatment program through the Bureau of Prisons. Mr. Womack also requests placement at the Federal Correctional

Institution at Morgantown West Virginia. He has always made his appearance before this Court and constant contact with this Counsel. He represents a good risk for self-surrender to this institution.

Defendant asks that this Court take the above considerations into account at his sentencing hearing.

S/GEORGE C. PAPPAS
George C. Pappas #0037374
Attorney for Defendant

PROOF OF SERVICE

I hereby certify that on May 22, 2012, a copy of the foregoing sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/GEORGE C. PAPPAS
George C. Pappas #0037374
Attorney for Defendant
